# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CYBOENERGY, INC.<br><br>      Plaintiff<br><br>  v.<br><br>HOYMILES POWER ELECTRONICS USA, INC.,<br><br>      Defendant. | Civil Action No. 2:23-cv-00311-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT HOYMILES POWER ELECTRONICS USA, INC.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION** ................................................................................................... | 1 |
| **II.** | **FACTUAL BACKGROUND** ................................................................................. | 2 |
| | A.   The '133 Patent ............................................................................................... | 2 |
| | B.   Accused Products ........................................................................................... | 3 |
| **III.** | **LEGAL STANDARD** ............................................................................................ | 3 |
| **IV.** | **ARGUMENT** ........................................................................................................... | 4 |
| | A.   CyboEnergy Fails to Adequately Plead Direct Infringement of the '133 Patent ................ | 4 |
| |     1.   System Claims of the '133 Patent ......................................................... | 5 |
| |     2.   Method Claims of the '133 Patent ........................................................ | 8 |
| | B.   CyboEnergy Does Not Adequately Plead Pre-Filing Indirect Infringement ...................... | 9 |
| | C.   CyboEnergy Does Not Adequately Plead Willful Infringement ..................................... | 10 |
| **V.** | **CONCLUSION** ...................................................................................................... | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................3, 4

*Brown v. Coulston*,
    463 F. Supp. 3d 762 (E.D. Tex. 2020) .......................................................................................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) ...............................................................................................................9

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ..................................................................................................9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) .............................................................................................................10

*Lucent Techs. v. Gateway*,
    580 F.3d 1301 (Fed. Cir. 2009) ..................................................................................................8

*McGuire v. Abbott Lab'ys, Inc.*,
    No. 1:22-CV-107, 2023 WL 3262033 (E.D. Tex. May 3, 2023) ...............................................3

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
    690 F.3d 1354 (Fed. Cir. 2012) ..................................................................................................8

*Moba, B.V. v. Diamond Automation, Inc*,
    325 F.3d 1306 (Fed. Cir. 2003) ..................................................................................................8

*Secured Mail Solns. LLC v. Universal Wilde*,
    873 F.3d 905 (Fed. Cir. 2017) ....................................................................................................4

*Semcon IP Inc. v. Kyocera Corp.*,
    No. 2:18-CV-00197-JRG (E.D. Tex. May 3, 2019) ...................................................................4

**Statutes**

35 U.S.C. § 271(a) ...........................................................................................................................8

35 U.S.C. §284 ..............................................................................................................................10

Tex. Occ. Code Ann. § 1305.002(5)(6) (West 2008) ......................................................................9

Tex. Occ. Code Ann. § 1305.151 (West 2008) ................................................................................9

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................................................1, 3

I.  INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Hoymiles Power Electronics USA, Inc. ("Hoymiles") moves this Court to dismiss Plaintiff CyboEnergy, Inc.'s ("CyboEnergy") claims of a) direct infringement of U.S. Patent No. 8,786,133 ("the '133 Patent"); b) pre-filing indirect infringement of the '133 Patent and U.S. Patent No. 9,331,489 ("the '489 Patent"); and c) willful infringement of the '133 and '489 Patents.

CyboEnergy's Complaint fails to state claims upon which relief can be granted for three reasons. First, the '133 Patent is directed to a power inversion[1] system consisting of multiple individual power inverters which are connected to each other, a power source (e.g. solar panels), and the power grid, in a specific manner. The Complaint, however, fails to allege that Hoymiles makes, uses, offers to sell, or sells this multi-inverter power inversion system; instead, the Complaint only alleges that Hoymiles makes, uses, offers to sell, or sells individual power inverters that can be used in such a multi-inverter system. Similarly, the Complaint does not allege that Hoymiles practices each step of the asserted method claim, such as connecting solar panels to the inverters and providing power to the grid. Rather, the Complaint simply alleges that Hoymiles manufactures and sells individual inverters that others can use to practice the claimed method.

Second, the Complaint does not allege any facts that would support a plausible inference that Hoymiles had pre-suit knowledge of either patent or the alleged infringement. Therefore it fails to state a claim for indirect infringement based on pre-filing conduct.

Third, the Complaint fails to allege any facts that would support a plausible inference of "egregious conduct" required for a willful infringement claim. In fact, the only allegation relating

---

[1] Generally, a power inversion system converts DC power (e.g. power generated by a solar panel) to AC power (*e.g.* power in power grids) so that a power grid can receive power generated by solar panels, because a power grid cannot accept DC power directly.

to willfulness is a conclusory request for treble damages in the Prayer for Relief section. For these reasons, the Court should grant Hoymiles' motion to dismiss.

## II.     FACTUAL BACKGROUND

CyboEnergy filed this Complaint on June 27, 2023, alleging that Hoymiles has directly, indirectly, and willfully infringed one or more claims of the '133 Patent and the '489 Patent through its manufacture and sale of solar power microinverters. Dkt. 1, ¶¶ 8, 15.

### A.      The '133 Patent

The '133 Patent is titled "Smart and Scalable Power Inverters." '133 Patent (Dkt. 1–1). The '133 Patent is directed to systems and methods "for intelligently inverting DC power from DC sources such as photovoltaic (PV) solar modules to single-phase or three-phase AC power to feed the power grid for electricity generation." *Id.*, Abstract.

Claim 15 of the '133 Patent reads:

> 15. A scalable DC to AC power inversion system for providing AC power to a power grid from a plurality of individual DC power sources each having a DC power output port, comprising:
>
> a) a plurality of power inverters, each of said power inverters including a single DC-AC inverter, at least two DC power input ports coupled to the single DC-AC inverter, an AC power input port, and an AC power output port coupled to the single DC-AC inverter, each of said DC power input ports having one DC power source connected thereto;
>
> b) said AC power output port of each power inverter being connected in a daisy chain to the AC power input port of the next power inverter, except for the AC power input port of the first power inverter being left open, and the AC power output port of the last power inverter being connected to a power service panel of the power grid;
>
> c) whereby said system is incrementally scalable by adding or subtracting DC power sources and daisy-chained inverters.

Claim 19 of the '133 Patent reads:

> 19. A method of making a DC to AC power conversion system incrementally scalable, comprising:
>
> a) providing a plurality of DC power sources and a plurality of DC to AC power inverters, said DC to AC power inverters each having a single DC-AC inverter, an AC input port coupled to the single DC-AC inverter, an AC output port coupled to the single DC-AC inverter, and at least two DC input ports coupled to the single DC-AC inverter;
>
> b) connecting at least one of said DC power sources, respectively, to each of said DC input ports; and
>
> c) providing AC power to the power grid.

### B.     Accused Products

CyboEnergy's Complaint identifies a number of microinverters as accused products — the MI-600/700/800, the MI-1000/1200/1500, the HM-1200N/1500N/2000N, and the HMT-1800/2250 inverter models. Dkt. 1-2.

### III.   LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6) tests "the formal sufficiency of the statement of a claim for relief." *McGuire v. Abbott Lab'ys, Inc.*, No. 1:22-CV-107, 2023 WL 3262033, at *1 (E.D. Tex. May 3, 2023) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is thus appropriate if the factual allegations do not "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On a motion to dismiss, "the court accepts all well-pleaded facts as true, viewing them in

3

the light most favorable to the plaintiff." *Brown v. Coulston*, 463 F. Supp. 3d 762, 773 (E.D. Tex. 2020) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Nor need the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification." *Secured Mail Solns. LLC v. Universal Wilde*, 873 F.3d 905, 913 (Fed. Cir. 2017).

IV.  **ARGUMENT**

    A.  **CyboEnergy Fails to Adequately Plead Direct Infringement of the '133 Patent**

CyboEnergy's Complaint and attached claim charts are completely devoid of any factual allegation or evidence to show that the accused products meet each and every element of Claims 15 and 19 of the '133 Patent. A claim of direct infringement requires a showing that "each and every limitation set forth in a claim appear[] in the accused product." *Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-CV-00197-JRG (E.D. Tex. May 3, 2019) (citing *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990)).

Here, even though the Complaint generally alleges—without support—that the "power inverters" themselves "infringe one or more claims of the '133 patent" (Dkt. 1, ¶ 8), CyboEnergy's claim charts, attached as Exhibits B and D to the Complaint, make clear that none of the accused products actually meets all the limitations of Claims 15 and 19. The accused products, MI-600/700/800, MI-1000/1200/1500, HM-1200N/1500N/2000N, and HMT-1800/2250, are individual power inverters, shown in the images below:

4



Dkt. 1-2.

### 1. System Claims of the '133 Patent

Hoymiles sells individual units of microinverters. *See* www.hoymiles.com/products. On the other hand, Claim 15 claims a ***multi-inverter*** power inversion ***system*** in which the individual inverters are connected to each other, the power source, and the power grid, in a specific manner. '133 Patent, Claim 15. In fact, CyboEnergy's claim chart admits that Hoymiles' products are not a system of multiple inverters. Specifically, the claim chart states that the accused products are "solar inverters ***that are used*** in DC to AC power inversion systems" and that Hoymiles' inverters ***enable*** DC to AC power inversion systems alleged to meet the preamble of Claim 15. *Id.* (emphasis added). Indeed, the claim chart identifies the below diagram as an example of a power inversion system:

5



Dkt. 1-2 at 3. Because the accused products are individual power inverters, nothing like the "system" shown above and claimed in the patent, the Complaint fails to allege that the accused products meet any of the three limitations[2] of Claim 15.

**_Limitation 15(a)_**: Limitation 15(a) requires "a plurality of power inverters." '133 Patent. Each inverter must also have "at least two DC power input ports" and each of the DC power input ports must "hav[e] one DC power source connected thereto." _Id._ While the Complaint alleges that each inverter meets this limitation by simply reciting the limitation, the product image in the claim chart shows that the DC input ports in the accused inverter have no "DC power source connected thereto":



---

[2] The preamble may be limiting as well, but for purposes of this motion, Hoymiles does not rely on the preamble.

*Id*. The Complaint does not allege that Hoymiles makes, uses, offers to sell, or sells any multi-inverter system with DC power sources, *e.g.* solar panels, already connected. Nor does the Complaint allege that Hoymiles makes or sells solar panels (which it does not). Naturally, the solar panels (purchased and installed by end users separately) would be connected only when the end users install the power inversion system and not before.

*Limitation 15(b)*: Limitation 15(b) requires that the individual power inverters in the claimed power inversion system to be connected and set up in a specific manner: the "AC power output port of each power inverter [is] ***being connected in a daisy chain*** to the AC power input port of the next power inverter, except for the AC power input port of the first power inverter ***being left open***, and the AC power output port of the last power inverter ***being connected to a power service panel of the power grid***." '133 Patent. The Complaint is devoid of any allegation that Hoymiles manufactures, uses, offers to sell, or sells its power inverters as a multi-inverter system with this specific implementation claimed by the '133 Patent (which Hoymiles does not). The claim chart merely cites instructions from an installation and operations manual showing customers how to install Hoymiles microinverters. *Id.* Nor does the claim chart allege that the accused products are multi-inverter systems with the "last power inverter being connected to a power service panel of the power grid" because the power grid connection can only happen when end users connect their power inversion systems to the power grid.

*Limitation 15(c)*: Limitation 15(c) requires "said system" described in the two previous limitations. For the same reasons the accused products cannot meet limitations 15(a) and 15(b), they also cannot meet limitation 15(c).

CyboEnergy's Complaint further fails to plead infringement of the remaining system claims in the '133 Patent because they contain limitations identical to limitations 15(a) and 15(b)

7

and also contain additional limitations that are not alleged to be practiced by the accused products. *See*, *e.g.*, Dkt. 1-1, Claims 1, 5, and 9. Therefore, CyboEnergy has failed to plead that any accused products infringe the system claims of the '133 Patent.

## 2. Method Claims of the '133 Patent

An accused infringer infringes a method claim when the accused infringer performs each and every step of the claimed method. *Lucent Techs. v. Gateway*, 580 F.3d 1301, 1317 (Fed. Cir. 2009). The Federal Circuit has long held that "[t]he sale or manufacture of equipment to perform a claimed method is not direct infringement within the meaning of 35 U.S.C. § 271(a)." *Moba, B.V. v. Diamond Automation, Inc*, 325 F.3d 1306, 1313 (Fed. Cir. 2003); *see also Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012) (explaining that when "the asserted patent claims are method claims, the sale of a product, without more, does not infringe the patent."). Thus, to survive a motion to dismiss, the Complaint would need to allege that Hoymiles itself performs all the claimed steps of at least one exemplary claim. CyboEnergy's Complaint fails in this regard and does not allege that Hoymiles performs any of the three claimed steps[3] of the method Claim 19.

*Limitation 19(a)*: Limitation 19(a) requires that the accused infringer "provid[e] a plurality of DC power sources," among other things. "DC power sources" are, for example, "solar panels." '133 Patent. Instead of alleging that Hoymiles provides multiple solar panels (or other DC power sources), the claim chart alleges only that a diagram in a Hoymiles manual "shows a plurality of DC power sources (solar panels) and a plurality of DC to AC power inverters." Dkt. 1-2 at 6. This diagram fails to demonstrate that Hoymiles provides the plurality of solar panels, which is required to practice this step of the claimed method.

---

[3] The preamble may be limiting as well, but for purposes of this motion, Hoymiles does not rely on the preamble.

***Limitation 19(b)***: Limitation 19(b) requires that accused infringer "connect[] at least one of said DC power sources, respectively, to each of said DC input ports." Again, the claim chart cites a Hoymiles manual showing customers how to connect solar panels to DC inputs, but falls short of alleging that Hoymiles itself performs the "connecting" step. *Id*.

***Limitation 19(c)***: Limitation 19(c) requires that the accused infringer "provid[e] AC power to the power grid." Here, too, the claim chart only cites the manual and does not allege that Hoymiles actually performs the step of providing power to the power grid. *Id.*

In fact, as a matter of law, Hoymiles cannot perform the claimed steps because it is not an electrical contractor and the installation of solar systems and devices requires an electrical contractor's license under the Texas Occupations Code. TEX. OCC. CODE ANN. § 1305.151 (West 2008) ("[A] person or business may not perform or offer to perform electrical work or residential appliance installation unless the person or business holds an appropriate license issued or recognized under this chapter."); *see also* TEX. OCC. CODE ANN. § 1305.002(5)(6) (West 2008) (explaining that solar installation falls under electrical contractor.).

All other method claims in the '133 Patent depend from Clam 19, thus CyboEnergy has failed to plead direct infringement of any method claim of the '133 Patent.

### B.    CyboEnergy Does Not Adequately Plead Pre-Filing Indirect Infringement

Indirect infringement requires knowledge of the patent and patent infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). Although knowledge may be pleaded generally, the Complaint must still "allege sufficient underlying facts from which a court may reasonably infer that that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009).

Here, the Complaint *never* alleges that Hoymiles had pre-suit knowledge of patents and of

9

the alleged patent infringement. Further, the Complaint doesn't allege any specific underlying facts that could support an inference that Hoymiles had pre-suit knowledge of the patents, such as a pre-filing notice letter or pre-suit interactions. Because the Complaint fails to allege pre-suit knowledge of patent infringement, the Court should dismiss CyboEnergy's pre-filing indirect infringement claim of both the '133 and '489 Patents.

### C. CyboEnergy Does Not Adequately Plead Willful Infringement

Willful infringement allegations must contain facts supporting "egregious" conduct. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016) (enhanced damages are reserved for "***egregious*** cases of misconduct ***beyond typical infringement***.") (emphasis added).

Here, the Complaint contains no allegations of any facts that could give rise to a plausible inference that Hoymiles engaged in any "egregious conduct" with regard to either patent. The only allegation relating to willfulness appears in the Prayer for Relief section—that CyboEnergy seeks to "declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284" and that "future infringement will be willful as a matter of law." Dkt. No. 1, §IV.e–f. This wholly conclusory prayer for relief cannot state a claim of willful infringement.

### V. CONCLUSION

For these reasons, Hoymiles respectfully requests that the Court grant its motion.

Dated: August 21, 2023

Respectfully submitted,

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi
Texas Bar No. 24072114
Matthew A. Blair
Texas Bar No. 24109648
**K&L GATES LLP**
2801 Via Fortuna
Suite #650
Austin, Texas 78746
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

**ATTORNEYS FOR DEFENDANT HOYMILES POWER ELECTRONICS USA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system on August 21, 2023.

                                                */s/ Darlene F. Ghavimi*
                                                Darlene F. Ghavimi