IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYBOENERGY, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00311-JRG |
| | § | |
| HOYMILES POWER ELECTRONICS USA, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Hoymiles Power Electronics USA, Inc.'s ("Defendant") Motion to Dismiss ("the Motion"). (Dkt. No. 10.) Having considered the Motion and the briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART and DENIED-IN-PART**.

I.   BACKGROUND

On June 27, 2023, Plaintiff CyboEnergy, Inc. ("Plaintiff") filed Plaintiff's Original Complaint for Patent Infringement ("the Complaint"). (Dkt. No. 1.) In the Complaint, Plaintiff alleges that Defendant infringes two patents: U.S. Patent Nos. 8,786,133 ("the '133 patent") and 9,331,489 ("the '489 patent" and collectively with the '133 patent, "the Asserted Patents"). (*Id*. ¶¶ 6 – 19.) The Asserted Patents allegedly "relate[] to novel and improved power inverters." (*Id*. ¶¶ 7, 14.)

With respect to the '133 patent, Plaintiff alleges that Defendant "maintains, operates, manufactures, offers for sale and sells power inverters that infringe one or more claims of the '133

patent, including one or more of claims 1-24, literally or under the doctrine of equivalents." (*Id*. ¶ 8.) Plaintiff supports these infringement allegations with a claim chart mapping Claims 15 and 19 of the '133 patent to the accused products. (Dkt. No. 1 ¶ 9; Dkt. No. 1-2.) In the claim chart, Plaintiff accused several individual power invert product lines of infringement. (*Id*. at 1.) Further, in the Complaint, Plaintiff alleges that "Defendant has and continues to induce infringement" of the '133 patent and "Defendant has and continues to contributorily infringe" the '133 patent. (Dkt. No. 1 ¶¶ 10 – 11.) Additionally, Plaintiff alleges that Defendant "has caused and will continue to cause [Plaintiff] damage by direct and indirect infringement of (including inducing infringement of) the claims of the '133 patent." (*Id*. ¶ 12.) Finally, Plaintiff requests in its prayer for relief that the Court (1) "declare this case to be 'exceptional' under 35 U.S.C. § 285" and (2) "declare Defendant's infringement to be willful and treble the damages." (*Id*. at 6.)

With respect to the '489 patent, Plaintiff alleges that "Defendant has and continues to induce infringement" of the '489 patent and "Defendant has and continues to contributorily infringe" the '489 patent. (*Id*. ¶¶ 17 – 18.) Plaintiff further alleges that Defendant "has caused and will continue to cause [Plaintiff] damage by direct and indirect infringement of (including inducing infringement of) the claims of the '489 patent." (*Id*. ¶ 19.)

On August 21, 2023, Defendant filed the Motion, arguing that the Complaint should be partially dismissed on three bases under Rule 12(b)(6). (Dkt. No. 10.) First, Defendant argues that Plaintiff fails to sufficiently plead direct infringement of the '133 patent. (*Id*. at 4 – 9.) Second, Defendant argues that Plaintiff fails to sufficiently plead pre-suit induced and contributory infringement (*i.e.*, indirect infringement). (*Id*. at 9 – 10.) Third, Defendant argues that Plaintiff fails to sufficiently plead willful infringement. (*Id*. at 10.)

On September 5, 2023, Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss ("the Response") disputing each of the three bases set forth in the Motion. (Dkt. No. 11.) On September 12, 2023, Defendant filed Defendant's Reply in Support of Motion to Dismiss ("the Reply"). (Dkt. No. 12.) Plaintiff did not file a sur-reply.

Finally, on October 6, 2023, Defendant filed a Notice of Relevant Determination from Related Proceedings ("the Notice"). (Dkt. No. 15.) Defendant attached to the Notice an order issued by a court in the Western District of Texas in a case where Plaintiff alleged that a different defendant infringes the Asserted Patents. (Dkt. No. 15-1 (*CyboEnergy, Inc. v. Altenergy Power Sys. USA, Inc.*, No. WA-22-CV-1136-KC, 2023 WL 5968000 (W.D. Tex. Sept. 13, 2023)).) In *Altenergy*, defendant Altenergy Power System USA, Inc. ("Altenergy") similarly moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim of direct infringement of the '133 patent. *Altenergy*, 2023 WL 5968000, at *1. The court granted Altenergy's motion to dismiss. *Id*.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court

accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id*.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id*. Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III.   DISCUSSION

#### A. Direct Infringement

"A claim of literal infringement requires a showing that 'each and every limitation set forth in a claim appear[] in the accused product.'" *Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-CV-00197-JRG, 2019 WL 1979930, at *2 (E.D. Tex. May 3, 2019) (quoting *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990)). "To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'"

4

*Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-00325-JRG, 2016 WL 9275395, at *3 (E.D. Tex. Oct. 19, 2016) (citing 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Disc Disease*, 888 F.3d at 1260 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Regarding system patent claims, "[d]irect infringement by 'use' of a claimed system requires use of each and every element of the system." *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1369 (Fed. Cir. 2021) (citing *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011)). Additionally, "one may not be held liable under § 271(a) for 'making' or 'selling' less than a complete invention." *Id.* at 1368 (quoting *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 n.2 (Fed. Cir. 2000)). Similarly, "[t]o infringe a method claim, a person must have practiced all steps of the claimed method." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010) (quoting *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009)).

### i. System Claim 15

First, Defendant argues that Plaintiff fails to plausibly allege that Defendant infringes system Claim 15. (Dkt. No. 10 at 4 – 9.) Claim 15 recites the following:

> 15. A scalable DC to AC power inversion system for providing AC power to a power grid from a plurality of individual DC power sources each having a DC power output port, comprising:
>
>> a) *a plurality of power inverters*, each of said power inverters including a single DC-AC inverter, *at least two DC power input ports* coupled to the single DC-AC inverter, an AC power input port, and an AC power output port coupled to the single DC-AC inverter, each of said DC power input ports *having one DC power source connected thereto*;
>>
>> b) said AC power output port of each power inverter *being connected in a daisy chain* to the AC power input port of the next power inverter, except for the

> > AC power input port of the first power inverter *being left open*, and the AC power output port of the last power inverter *being connected to a power service panel of the power grid*;
>
> > c) whereby *said system* is incrementally scalable by adding or subtracting DC power sources and daisy-chained inverters.

(Dkt. No. 1-1 at 15:5 – 25 (emphasis added).)

Specifically, Defendant states that "Claim 15 claims a **multi-inverter** power inversion **system** in which the individual inverters are connected to each other, the power source, and the power grid, in a specific manner." (Dkt. No. 10 at 5.) Defendant argues that Plaintiff's claim chart "admits that [Defendant's] products are not a system of multiple inverters" because the claim chart "states that the accused products are 'solar inverters **that are used** in DC to AC power inversion systems' and that [Defendant's] inverters **enable** DC to AC power inversion systems alleged to meet the preamble of Claim 15." (*Id*. (citing Dkt. No. 1-2).) Defendant further explains how Plaintiff fails to sufficiently plead infringement of Claim 15 because (1) Plaintiff only accuses individual inverters of infringement rather than a "plurality of power inverters" in a system (as required by 15(a) and 15(c)), (2) Plaintiff does not allege that Defendant makes, uses, offers to sell, or sells any multi-inverter systems with connected DC power sources (as required by 15(a)), and (3) Plaintiff does not plausibly allege that *Defendant* connects individual power inverters in a specific manner to other recited components (as required by 15(b)). (*Id*. at 6 – 8.)

In the Response, Plaintiff argues that "identification of the four accused products that embody [Plaintiff's] claimed invention, combined with the claim chart attached to the Complaint, are more than sufficient to put [Defendant] on notice as to what they [sic] must defend." (Dkt. No. 11 at 4 – 5.) Plaintiff further attempts to rebut Defendant's arguments by pointing to the claim chart, but Plaintiff does not rebut Defendant's argument that Plaintiff has failed to allege that Defendant itself directly infringes Claim 15. (*Id*. at 6 – 9.) In fact, Plaintiff admits that an end user

6

of the accused products would infringe Claim 15 by configuring a system: "Contrary to [Defendant's] arguments, the *Installation and User Manuals* referenced in the claim chart *disclose how to configure* a multi-inverter system." (*Id*. at 8 (emphasis added).)

In the Reply, Defendant argues that Plaintiff fails to identify allegations that any single accused product satisfies all elements of Claim 15. (Dkt. No. 11 at 1.) Defendant further notes that Plaintiff cannot identify where the Complaint alleges that Defendant "'makes, uses, offers to sell, [] sells . . . or imports' any multi-inverter system with the connections required by claim 15." (*Id*.) Moreover, Defendant argues that it would not have needed to provide multi-inverter system assembly manuals if it sold such a system, rather than individual inverters that could be assembled into such a system. (*Id*. at 3.)

The Court agrees with Defendant that Plaintiff fails to plausibly allege that the accused products meet each and every element of Claim 15. As Defendant explains, Plaintiff fails to allege that *Defendant*—rather than an end user following the manuals cited in the claim chart—uses, offers to sell, sells, or imports a *system*, let alone a system configured as required by Claim 15.[1] Instead, Plaintiff merely alleges that Defendant sells individual inverters and provides manuals to use the inverters with other components that are not alleged to be made or sold by Defendant, such as a "DC power source" connected to an inverter. However, it is blackletter law that a defendant "is not vicariously liable for the actions of its customers" under a theory of direct infringement. *Centillion Data Sys.*, 631 F.3d at 1287 (Fed. Cir. 2011). Accordingly, the Court is persuaded, under these specific facts, that Plaintiff has failed to sufficiently plead direct infringement of Claim 15.[2]

---

[1] Plaintiff's reliance upon *Disc Disease* (Dkt. No. 11 at 4 – 5) is inapposite because there, plaintiff did not allege that one or more limitations was practiced by a party other than the accused direct infringer.
[2] The Court's conclusion is supported by the Western District of Texas court's decision in *Altenergy*. There, the court persuasively found that "[e]ach of the Accused Inverters is but a single inverter," and that Plaintiff failed to "offer any cogent argument for how the Accused Inverters could constitute a literally infringing multi-inverter system or its equivalent, when they are but one discrete part of that system." *Altenergy*, 2023 WL 5968000, at *3 – 4.

### ii. Method Claim 19

Second, Defendant argues that Plaintiff fails to plausibly allege that Defendant infringes method Claim 19. (Dkt. No. 10 at 8 – 9.) Claim 19 recites the following:

> 19. A method of making a DC to AC power conversion system incrementally scalable, comprising:
>
> a) *providing a plurality of DC power sources* and a plurality of DC to AC power inverters, said DC to AC power inverters each having a single DC-AC inverter, an AC input port coupled to the single DC-AC inverter, an AC output port coupled to the single DC-AC inverter, and at least two DC input ports coupled to the single DC-AC inverter;
>
> b) *connecting at least one of said DC power sources, respectively, to each of said DC input ports*; and
>
> c) *providing AC power to the power grid*.

(Dkt. No. 1-1 at 16:1 – 12 (emphasis added).)

Defendant argues that the Complaint fails to "allege that [Defendant] performs any of the three claimed steps of the method Claim 19." (Dkt. No. 10 at 8.) Defendant explains how Plaintiff fails to sufficiently plead infringement of Claim 19 because (1) Plaintiff does not plausibly allege that *Defendant* "provide[es] a plurality of DC power sources" (as required by 19(a)), (2) Plaintiff only alleges that end users, rather than Defendant, "connect[] at least one of said DC power sources, respectively, to each of said DC input ports" (as required by 19(b)), and (3) Plaintiff only alleges that end users, rather than Defendant, "provid[e] AC power to the power grid" after configuring a system (as required by 19(c)). (*Id*. at 8 – 9.) Defendant further argues that it cannot perform the claimed steps "as a matter of law" because "it is not an electrical contractor and the installation of solar systems and devices requires an electrical contractor's license under the Texas Occupations Code." (*Id*. at 9 (citing TEX. OCC. CODE ANN. § 1305.151 (West 2008)).)

In Response, Plaintiff argues that it sufficiently pleads direct infringement of Claim 19 because Defendant "does not merely sell individual inverters," rather, Defendant "*offers a method*

8

*for making and using* a DC to AC power inversion system that has and is enabled by a plurality of power inverters. All the steps of the claimed method are thus performed by or attributable to [Defendant]." (*Id*. at 10 (emphasis added).) Additionally, Plaintiff argues that Defendant's argument "relies upon multiple claim constructions," but the only claim construction issue Plaintiff identifies is Defendant's purported construction of "DC power source" to mean a solar panel. (*Id*. at 9 – 11.)

Finally, in the Reply, Defendant argues that "provid[ing] instructions to customers for assembling a system is *not* the same as alleging that [Defendant] itself practices each required method step . . . in the United States as required to plead direct infringement of the asserted method claims (*e.g.*, claim 19)." (Dkt. No. 12 at 3.) Defendant further argues that Plaintiff fails to support its assertion that "offer[ing] a method for making and using" an allegedly infringing product is sufficient to plead direct infringement. (*Id*. at 3 – 4.)

The Court agrees with Defendant that Plaintiff fails to plausibly allege that *Defendant*—rather than an end user following the manuals cited in the claim chart—performs each and every step of Claim 19. As Defendant convincingly argues, Plaintiff does not plausibly allege that Defendant "provid[es] a plurality of DC power sources,"[3] "connect[s] at least one of said DC power sources . . . to each of said DC input ports," or "provid[es] AC power to the power grid," as required by Claim 19. Instead, Plaintiff only alleges that an end user would perform such steps by following the cited manuals, but this is insufficient to state a claim for direct infringement of Claim

---

[3] As Defendant correctly states, Plaintiff's claim construction argument with respect to the term "DC power source" "misses the point" because Plaintiff has not alleged that *Defendant* provides "a DC power source of any kind." (Dkt. No. 12 at 3 n.1.)

19 against *Defendant*. Accordingly, the Court is persuaded, under these specific facts, that Plaintiff has failed to sufficiently plead direct infringement of Claim 19.[4,5]

\* \* \*

Due to the Court finding that Plaintiff fails to sufficiently plead direct infringement of both Claims 15 and 19—the only claims for which Plaintiff provides support in the Complaint—Plaintiff's direct infringement allegations with respect to the '133 patent should be dismissed.

### B. Indirect Infringement

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Induced infringement under Section 271(b) requires knowledge of the existence of the patent that is infringed. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 – 28 (2015) (liability under Section 271(b) "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement'") (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)).

Contributory infringement requires a showing that the accused infringer "offers to sell or sells . . . a component of a patented [invention], . . . knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Contributory infringement further requires the same "knowledge of the patent in suit and knowledge of patent

---

[4] As with Claim 15, the Court's conclusion is supported by the Western District of Texas court's decision in *Altenergy*. There, the court persuasively found that Plaintiff failed to state a claim of direct infringement for Claim 19 because Plaintiff failed to identify steps performed by *defendant*, rather than end users of the accused inverters. *Altenergy*, 2023 WL 5968000, at *4 – 5.

[5] The Court need not address Defendant's unrebutted argument that it cannot perform the steps of Claim 19 "as a matter of law" under the Texas Occupations Code (Dkt. No. 10 at 8) because the Court has already determined that Plaintiff fails to state a claim of direct infringement.

infringement" as for induced infringement. *Commil USA, LLC*, 135 S. Ct. at 1926 (citation omitted).

Defendant argues "the Complaint *never* alleges that [Defendant] had pre-suit knowledge of patents and of the alleged patent infringement. Further, the Complaint doesn't allege any specific underlying facts that could support an inference that [Defendant] had pre-suit knowledge of the patents, such as a pre-filing notice letter or pre-suit interactions." (Dkt. No. 10 at 9 – 10.)

In the Response, Plaintiff tacitly acknowledges that it does not plead that Defendant knew of the Asserted Patents prior to this lawsuit. (Dkt. No. 11 at 11 – 12 ("Here, [Defendant] had actual notice of the '133 patent and the '489 patent at least as of the time of the filing of this lawsuit.").) Instead, Plaintiff seems to argue that there is no pre-suit knowledge requirement for post-suit indirect infringement allegations. (*Id*. at 12.)

In the Reply, Defendant correctly observes that Plaintiff "does not point to anywhere in its complaint where it alleges [Defendant] had pre-suit knowledge of the patents." (Dkt. No. 12 at 4.) Defendant further argues that the Response fails to address Defendant's argument that Plaintiff has failed to plead facts plausibly showing that Defendant knew that end users' acts constituted infringement "with respect to the time period pre-dating the filing of the complaint." (*Id*.)

The Court agrees with Defendant. Plaintiff has failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit. Accordingly, the Court is persuaded, under these specific facts, that Plaintiff's pre-suit indirect infringement allegations should be dismissed.

### C. Willful Infringement

As with induced and contributory infringement, willful infringement allegations require that the defendant know of the asserted patents. *See Touchstream Techs., Inc. v. Altice USA*, No. 2:23-cv-00060-JRG, 2024 WL 1117930, at *2 – 3 (E.D. Tex. Mar. 14, 2024).

Defendant argues that "the Complaint contains no allegations of any facts that could give rise to a plausible inference that [Defendant] engaged in any 'egregious conduct' with regard to either patent." (Dkt. No. 10 at 10.) Without pleading "egregious conduct," Defendant argues that Plaintiff cannot state a claim of willful infringement. (*Id.*)

The Response does not address whether a claim for willful infringement requires pleading facts giving rise to a plausible inference of "egregious conduct," nor does Plaintiff dispute that it does not plead "egregious conduct." (Dkt. No. 11 at 12 – 13.) Instead, Plaintiff argues that

> [t]he Complaint and all inferences therefrom demonstrates [sic] that the filing and service of the Complaint gave [Defendant] actual notice of its infringement, and it continues to maintain, operate, manufacture, offer for sale and sell, and/or continues to induce others to infringe. The Complaint also alleges that [Defendant's] infringing activity is continuing.

(*Id.* (citing Dkt. No. 1 ¶¶ 2, 8, 10 – 12, 15, 17 – 19).)

In the Reply, Defendant shifts its argument to focus on pre-suit willfulness. Indeed, Defendant argues that Plaintiff cannot plausibly maintain a claim for pre-suit willful infringement "[b]ecause [Plaintiff] has only alleged that [Defendant] became aware of the patents as of the filing of the complaint." (Dkt. No. 12 at 4 – 5.)

As an initial matter, "a plaintiff need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage." *Touchstream*, 2024 WL 1117930, at *3 (quoting *Argina Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-00172-JRG, 2022 WL 610796, at *6 (E.D. Tex. Jan. 24, 2022)). The Court therefore rejects Defendant's argument that Plaintiff's willful infringement claims should be dismissed in full for failing to

12

allege "egregious conduct." Further, the Court finds that Plaintiff sufficiently states a claim for post-suit willful infringement because it alleges that Defendant "continues its allegedly infringing conduct even after receiving notice of [the Complaint]." *Id*. (quoting *Argina*, 2022 WL 610796, at *6).

However, as explained above (*supra*, § III.B), the Complaint fails to sufficiently allege pre-suit knowledge of the Asserted Patents. Accordingly, the Court is persuaded, under these specific facts, that Plaintiff's pre-suit willful infringement allegations with respect to the Asserted Patents should be dismissed.

## IV.   CONCLUSION

For the reasons noted above, the Motion is **GRANTED** with respect to direct infringement of the '133 patent, pre-suit indirect infringement of the Asserted Patents, and pre-suit willful infringement of the Asserted Patents, but it is **DENIED** in all other respects. Accordingly, Plaintiff's claims of direct infringement of the '133 patent, pre-suit indirect infringement of the Asserted Patents, and pre-suit willful infringement of the Asserted Patents are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted leave during the ensuing fourteen (14) days from the issuance of this Order to amend its allegations of direct infringement of the '133 patent, pre-suit indirect infringement of the Asserted Patents, and pre-suit willful infringement of the Asserted Patents through the filing of a subsequently amended complaint. Failure to amend within fourteen days, or any period extended by the Court, shall constitute a substantive waiver of such direct infringement, pre-suit indirect infringement, or willful infringement claims by Plaintiff.

**So Ordered this**

**Mar 20, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE